JANUARY TERM, 1885. 91

Luebke vs. The Chicago, Milwaukee & St. Paul R. Co.

LUEBKE, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*April 1 — April 28, 1885.*

*Railroads: Master and servant: Negligence of fellow-servants: Regulation as to warning of danger: Custom: Evidence.*

1. Where a railroad company had provided watchmen to guard an employee from danger while at work under a car, it is not liable to him for an injury resulting from their failure to warn him of an approaching train, which struck such car and pushed it over him.

2. A special finding of the jury that it was not a rule or custom of the company, imposed by it on its employees, that they should watch for the safety of their fellow-workmen in positions of danger, is *held* to be unsupported by the evidence.

APPEAL from the County Court of *Milwaukee* County.

For the appellant there was a brief signed by *John W. Cary* and *D. S. Wegg*, attorneys, and *Burton Hanson*, of counsel, and the cause was argued orally by *Mr. Hanson* and *Mr. Wegg*.

*Chas. M. Bice*, for the respondent.

LYON, J. This case was here on a former appeal by the plaintiff from a judgment of nonsuit, and is reported in 59 Wis. 127. That judgment was reversed by a divided court (CASSODAY and TAYLOR, JJ., dissenting) on the ground that it was the duty of the defendant company to provide a watchman to prevent any collision by other cars with that under which the plaintiff was at work, and there was no evidence whatever that the company had performed that duty. The cause has been again tried, and the plaintiff recovered a judgment, from which the defendant appeals.

The testimony on the two trials is substantially the same, except that on the last trial it was abundantly proved — indeed there is no evidence to the contrary — that while the

plaintiff was under the car three train-men in the employ of the defendant were standing by the car, and that it was the duty of each of them, incident to his employment, to act as a watchman to protect the plaintiff from injury.

True, no written or published regulation of the company to that effect was shown; neither did any witness in the employ of the company testify that he had been charged by any officer of the company with the duty of watching for the safety of other employees working under cars upon the tracks; but many such witnesses testified that their duty in that behalf was well understood by them and other employees of the company. It was a sort of common law of the company, obligatory upon its employees, and as thoroughly understood by them as though it had been embodied in the printed regulations and read by the officers of the company to them. It thus became a rule or custom of the company, as well as an understanding between its employees.

The jury found that it was not a rule or custom of the company, imposed by it upon its employees, that they should watch for the safety of their fellow-workmen in positions of danger. This finding is the basis of the judgment for the plaintiff, and yet, as we understand the evidence, it is entirely unsupported by the testimony. The undisputed evidence establishes a perfect defense to the action, and the court should have directed a verdict for the defendant, or at least should have granted the motion of the defendant for a new trial.

The case is somewhat voluminous, and a special verdict was taken in the form of answers to twenty-five questions. It is unnecessary to set out the special verdict, or to comment on the details of the case. The decisive question is, Did the defendant provide a watchman to guard the plaintiff from danger while at work under the car? As already

Cream City R. Co. vs. The Chicago, M. & St. P. R. Co. and others.

stated, the undisputed evidence answers this question in the affirmative, and the answer is fatal to a recovery in the action.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.