MOURNING v. THE MISSOURI COAL & MINING COMPANY, *Appellant.*

1.   **Property:** CHARGE OR LIEN.  Property cannot be sold in discharge of a charge or lien in the absence of a charge or lien created on the property authorizing the sale.

2.   **Statute of Descents:** LIEN: WILL.  An heir held entitled to her proportional share of land under the statute of descents and distributions, and independently of the provisions of the will of the ancestor.

3.   **Ejectment.**  A judgment in ejectment will be reversed where the plaintiff recovers more land than he is entitled to.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*Martin & Avery* for appellant.

(1)  The debts contracted by Elizabeth Mourning for support, etc., and allowed against her estate, were, by the will of Thomas Mourning, a charge and lien on the land. *Haydell v. Herick*, 72 Mo. 253; *Horst v. Sauer*, 24 N. W. Rep. [Minn.] 924.  The expense of last sickness is in such a case a charge upon the land. *Harbison v. James*, 90 Mo. 411.  (2)  The payment of these debts by the sale of the land had the effect of subrogating the defendant to the rights and lien of the parties to whom the debts were due. *Thomas v. Bridges*, 73 Mo. 530; *Wernecke v. Kenyon*, 66 Mo. 275; Sheldon on Subrogation, secs. 30, 35; *Perry v. Adams*, 3 S. E. Rep. [N. C.] 729; *Pool v. Ellis*, 1 S. Rep. [Miss.] 725.  And the right of subrogation will even pass to the grantee of such purchaser.  Sheldon on Subrogation, sec. 28.  And this was a good equitable defense. *Evans*

*v. Snyder*, 64 Mo. 516. If these debts constituted a charge upon the lands, and the defendant by his purchase and payment of said debts was subrogated to the equitable lien of the creditors holding such debts, then the plaintiff would certainly have no right to the possession of said land until he had tendered a sufficient amount to discharge such lien. (3) The direction in the will that the lands be sold upon the death or marriage of the four daughters would, at such a period, be a conversion of the lands into personalty or money. *Compton v. McMahan*, 19 Mo. App. 494; 3 Redfield Wills [2 Ed.] 140, sec. 7. And ejectment will not lie to recover possession of personalty or money. 3 Wait's Action and Defenses, 9. (4) In no case was the plaintiff entitled to the possession of all the lands.

*George T. Dunn* for respondent.

(1) The debts allowed against the estate of Elizabeth Mourning were not a charge and lien upon the land. The cases of *Haydell v. Herick*. 72 Mo. 253 and *Harbison v. James*, 90 Mo. 411, do not sustain appellant's position. The land was sold at an administrator's sale, and the purchaser afterward sold it to appellant. The rule *caveat emptor* applies to judicial sales. *Hensley v. Baker*, 10 Mo. 158; *Cravens v. Gordon*, 53 Mo. 287. (2) The wish of the testator, that, at the happening of a future event, his estate be sold, would not have the effect of converting the land into money, when no sale was made, and no one authorized by the will to make the sale. The appellant is in possession, claiming title to the land, hence the only proper action that could have been brought was ejectment. If respondent is only entitled to seven-eighteenths of the land, as intimated in appellant's brief, then ejectment is the proper remedy, and the respondent is entitled to judgment for possession of the portion of the land

he owns. (3) The controlling guide in construing a will is to ascertain the intention of the testator. *Gaines v. Fender*, 57 Mo. 342; *Preston v. Brant*, 96 Mo. 552. The heirs held the estate in joint tenancy during their lives, and at the death of the last daughter the estate would descend to the heirs of the testator, and the respondent, William R. Mourning, being the only child living at the death of Elizabeth Mourning, would inherit all of the land. Whether the children of John Mourning would inherit anything, or not, cuts no figure in this case, as they are not parties to this suit. The advancement charged in the will against their father amounts to more than the land is worth.

SHERWOOD, J.—Plaintiff brought ejectment for eighty acres of land in Lincoln county. After a general denial, the answer sets up as an equitable defense, that the debts allowed against the estate of Elizabeth Mourning were an equitable charge against the land in litigation.

The case was submitted to the court upon the following agreed statement of facts: "The following facts are agreed upon between the plaintiff and defendant: That the common source of title to the lands in dispute is Thomas Mourning, who died in Lincoln county, Missouri, in the year of 1837, owning the land in controversy; that said Thomas Mourning, Sr., left surviving him seven children, namely: Nancy Mourning, who died without issue in the year of 1842; Thomas Mourning, Jr., who died without issue in the year 1847; John Mourning, who died in the year 1866, leaving four children; Louisa Mourning, who died without issue in the year of 1878; Susan Mourning, who died without issue in the year 1881 or 1882; Elizabeth Mourning, who died without issue in the year 1884, and Wm. R. Mourning, the plaintiff in this cause; that said

Thomas Mourning, Sr., left a will which was duly probated in Lincoln county, Missouri, a copy of which is hereto attached and made a part of this agreed statement; that the value of the lands sued for does not exceed six hundred dollars, and that the rents and profits are twenty-four dollars per year; that the plaintiff is the surviving child of said Thomas Mourning, Sr., and claims title as such, and that the defendant claims title through a sale of said lands made by the administrator of the estate of Elizabeth Mourning for the payment of debts to the amount of $272.10 allowed against her estate; that the said Elizabeth Mourning was the surviving one of the four daughters of the said Thomas Mourning, Sr., mentioned in his last will, and was at the time of her death, in 1884, seventy-one years old; that, for two or three years before her death, the said Elizabeth Mourning was an invalid and almost helpless, and that the debts so allowed against her estate, and for which said lands were sold by her administrator, were for board, clothing, support and attention during said years, the rents and profits of said lands being insufficient to pay for the same; that said Elizabeth Mourning had no other property than her interest in said lands out of which said allowed claims could be paid."

The will of Thomas Mourning is as follows:

"I, Thomas Mourning of Lincoln county, Missouri, do on this twenty-eighth day of April, 1837, make this my last will and testament, in manner and form as follows, viz.:

"1. After all my just debts and funeral expenses shall have been paid, I do will and bequeath all of my real and personal estate to my four daughters, namely: Elizabeth Mourning, Nancy Mourning, Susan Mourning and Louisa Mourning, to have and to hold the same so long as they live or remain unmarried, the whole to be jointly held in an undivided estate for their several support.

"2. If either of them should marry, those remaining unmarried may give them such portion of the estate as they may think proper not exceeding one-seventh of the whole value, to be charged to her or them at the final division, which shall take place at the marriage or death of them all.

"3. It is my wish that at the death or marriage of my four daughters that the whole of my estate then be sold and an equal division made between my children, namely: John Mourning, Elizabeth Mourning, Thomas Mourning, Nancy Mourning, Susan Mourning, Louisa Mourning and William Mourning, charging my son John Mourning with one hundred and eighty-six dollars, with interest from the first day of November, A. D. 1830, the time I advanced it to him in Virginia.

"4. And lastly I do hereby appoint my friend, Macon A. Shelton, my executor of this, my last will and testament, hereby revoking all other or former wills by me heretofore made.

"In witness whereof," etc.

This was all the evidence; no declarations of law were asked.

The court gave judgment for the plaintiff for the whole land, and defendant appeals.

The equitable defense set up in the answer amounts to nothing because there was no charge or lien created on the property which authorized a sale of that property in discharge of such charge or lien. And it is unnecessary to discuss the share to which the children of John Mourning, who represents their father's title, are entitled. Encumbered as that share is by the early advancement made to their father in 1830, and the accumulating interest thereon, their share, in view of the estimated value of the land, is worthless.

Under our statute of descents and distributions, Elizabeth, the last survivor of the four daughters, became entitled by the law of inheritance to her proportionate share of the land in dispute, and, being thus

entitled, that share at her death, and independently of any provision in the will, became subject to administration sale for the payment of her debts. So that defendant is now the owner of that inherited interest. But the court allowed the plaintiff to recover the whole tract. This was more than he was entitled to recover, and for such error we reverse the judgment, and remand the cause. All concur.