McGurry v. Wall et al., *Appellants*.

Division Two, June 12, 1894.

1. **Appellate Practice:** ESTOPPEL. Where, in an action on a special tax bill, the case is tried by the defendant on the theory that the bill is valid, he can not, on appeal, controvert such validity.

2. **Practice:** NEW TRIAL: MODIFICATION OF DECREE. The court may, at a subsequent term to which a motion for a new trial has been continued, modify the finding and decree made by it at the former term.

3. **Will:** REMAINDER: FEE SIMPLE ESTATE. A testator gave land to his wife for life, or while she continued a widow, with remainder to his son on the death or second marriage of his widow, and provided that if the son "die before maturity and should my said wife remarry before the death of my said son" the property should go to the testator's brother and mother "upon the happening of the last two events." The son died before maturity and before the second marriage of the widow. *Held*, that the latter, as heir to the son, became the owner of the fee.

*Appeal from Buchanan Circuit Court.*—Hon. A. M. Woodson, Judge.

Affirmed.

Action on special tax bill, lot 1, in block 5, in Hall's addition to the city of St. Joseph, being the subject of the tax. At the instance of the appealing defendants, Jennie Wall was made a codefendant.

All of the parties defendant claim title to the lot under the will of Robert Wall, which so far as necessary to quote, is the following:

"*Fifth*. I devise and bequeath to my said wife, lot one in block 5, in Hall's second addition to the city of St. Joseph, Missouri, same being our present residence, for and during her life, provided always she shall so long continue my widow.

"*Sixth*. Should my wife marry, it is my will that my said son William Wall shall immediately take and have possession of said lot 1, in block 5, in Hall's addition to the city of St. Joseph, Missouri, hereby devising the remainder over to him upon the remarrying or death of his mother, Jennie Wall.

"*Seventh*. Should my son William Wall die before maturity and should my said wife remarry before the death of my said son, it is my will that my brother, John Wall, and our mother Margaret Wall, shall take and have possession of said lot 1, in block 5, above mentioned, and I hereby devise the same to them in equal parts, upon the happening of the two last events together with the full and complete title thereto forever."

William Wall, the only child of the testator and of Jennie Wall, aged three years, died before suit brought, and Jennie Wall has not remarried. The testator's estate has been duly administered and finally settled. Plaintiff is the assignee of the tax bill. In their pleadings, the appealing defendants, Margaret Wall and John Wall, claimed that Jennie Wall was only the owner of a life estate in the lot, and they of the remainder in fee, while Jennie Wall claimed that she herself was the owner in fee of the lot in question. After hearing the evidence in the case, the lower court found and decreed that Jennie Wall was entitled to but

·a life estate in the premises, and Margaret Wall and John Wall to the remainder therein in fee.

Motions for new trials were filed by the appealing defendants, Margaret and John Wall and by Jennie Wall as well, which motions went over to the next term, at which time, all parties being present, the lower court on the motion of Jennie Wall and against the objection of the appealing defendants, entered the following finding and decree, to wit:

"*Eliza McGurry*, plaintiff, *v. Margaret Wall et al.*, defendants. Now at this time come the parties to this suit, and the motion of the defendant Jennie Wall in this case to set aside the finding, verdict, judgment and decree rendered in the above entitled cause, in so far as it in any way or in any degree adjudged or decreed that her title, estate and interest in and to the lot described in the petition, is any other or less than an absolute ownership thereof in fee simple, heretofore taken up by the court, is now further considered and sustained, and the decree rendered in this case is now hereby changed and modified so as to be as follows, to wit:

"*First.* The court finds that the plaintiff is the owner and holder by assignment of the special tax bill sued on, amounting to one hundred and eighty-eight dollars and twenty cents ($188.20), and that the same is a lien on lot one in block 5, in Hall's second addition. to the city of St. Joseph, Buchanan county, Missouri.

"*Second.* That Robert Wall, deceased, died seized of an estate in fee simple in and to said lot, and that, under and by his last will and testament, he devised to Jennie Wall, said defendant, who is now his widow, a life estate, or an estate to be held and enjoyed by her during her widowhood, and the remainder in fee to his infant son.

"That his said infant son, the only child of Robert Wall and Jennie Wall, his wife, died when about the age of three years, and before this suit was instituted, and that upon his death the remainder in fee of said lot passed to, and vested in, said Jennie Wall by inheritance (Jennie Wall is still unmarried), so that when this suit was instituted the said Jennie Wall was, and now is, the owner absolute in fee simple of the aforesaid lot described in said petition, and hereinabove described.

"That the defendants herein other than Jennie Wall have no right, title or interest in or to said lot, or any part thereof, but that they claim an interest therein.

"It is, therefore, ordered, adjudged and decreed that the absolute title in fee simple to said lot be and the same is hereby vested in said Jennie Wall, to the exclusion of the other defendants in this case.

"It is further ordered, adjudged and decreed that plaintiff recover in accordance with the judgment and decree heretofore rendered in this case, the sum of one hundred and eighty-eight dollars and twenty cents ($188.20), the amount of said special tax bill sued on, to be levied upon said lot, and that the same is a lien upon said lot and that the said lot be sold, together with all the right, claim and interest of all the defendants therein, to satisfy said sum, together with interest on said sum of one hundred and eighty-eight dollars and twenty cents ($188.20) from the date that the decree was rendered in this case, at the rate of fifteen per cent. per annum, and that the plaintiff have special execution in accordance with this decree; and it is further ordered that the plaintiff recover her costs in this behalf expended."

From this finding and decree, Margaret Wall and John Wall have appealed to this court.

*Kelley & Kelley* for appellant.

(1) The tax bill was inadmissible in evidence, being founded upon an improper theory of apportionment. *Weber v. Schergens*, 28 Mo. App. 587. A tax bill cannot be sustained on a *quantum meruit* or *quantum valebat*. *Galbreath v. Newton*, 30 Mo. App. 380; *St. Louis v. Rankin*, 96 Mo. 497. (2) The court erred in its construction of the will. The controlling question in such case is, that the intention of the testator must govern, as gathered from the will itself, not from the particular words, phrases or clauses; but from the whole instrument and every part thereof, taken as a whole, shall prevail. *Smith v. Bell,* 6 Peters, 75; *Allison v. Chaney,* 63 Mo. 280; *Nichols v. Boswell*, 103 Mo. 151; 115 Mo. 56; *Turner v. Timberlake*, 53 Mo. 371; *Carr v. Dings*, 58 Mo. 400; Schouler on Wills, secs. 468–473; *Taggart v. Murray*, 53 N. Y. 233; R. S. 1879, sec. 4008; *Lewis v. Pitman*, 101 Mo. 281.

*Samuel S. Shull* for respondent.

(1) The defendants, except Jennie Wall, in the instructions asked by them at the trial, requested the court to declare as matter of law that said tax bill was legal and valid, and that the interest of the defendant, Jennie Wall, in and to said lot should be subjected to its payment. Said defendants fully committed themselves to this theory of the case, induced the trial court to adopt it, and they can not now, with any degree of propriety, retreat therefrom; they married this theory, and they should not now ask this court to divorce them therefrom. According to all legal precedent and fairness they are bound thereto. *Whitemore v. Lodge*, 100 Mo. 36; *Harris v. Hays*, 53 Mo. 90; *McGonigle v. Dougherty*, 71 Mo. 259; *Bank v. Hammerslough*, 72 Mo.

274; *Smith v. Culligan*, 74 Mo. 387; 91 Mo. 628; *Bates v. McCoon*, 85 Mo. 580; *Noble v. Blount*, 77 Mo. 235; *Holmes v. Braidwood*, 82 Mo. 610; *Reilly v. Railroad*, 94 Mo. 600. (2) The tax bill is legal and valid and complies substantially, if not literally, with the law. The work was done in accordance with the ordinance; no complaint was made in reference thereto, the property owners have received the benefits thereof, and this court is "not inclined to turn a plaintiff out of court who has given his time and expended his money in the improvement of other people's property, on mere technicalities which in no manner affect the substantial rights or interests of the parties." R. S. 1889, sec. 1407; *Sheehan v. Owen*, 82 Mo. 458; *Cole v. Skrainka*, 105 Mo. 303.

SHERWOOD, J.—I. The validity of the special tax bill will not be discussed, because the appealing defendants in one of their declarations of law, to wit, "that said Jennie *is just and legally bound to pay said tax bill* sued on, and her interest or estate in said lot should be first subjected to the payment of the same," admit thereby the legal validity of said bill, and, after having tried the case on that theory, will not be permitted now to change front and contest the validity of that which they had theretofore admitted.

If the tax bill was such that Jennie was justly and legally bound to pay it, then of course its mere validity could not be questioned as to any interest in remainder in said lot; but in speaking in this general way, it is not intended to make any ruling as to what effect such a bill would have as to a remainder in fee in said lot.

II. The lower court, in consequence of the motions for a new trial filed and continued to the subsequent term, had a perfect right to modify the former finding and decree, as it did do, as all parties were present, and

the whole matter was still in the breast of the court. It is not pretended that there was any new evidence in the case which would have changed the result, and this being true, the proper course in this regard, was pursued.

III.   The main feature of this litigation, however, is the proper construction of the will; indeed it may be said that this was, and is, the only litigated point in the controversy.   There are two grounds on which the decree entered by the lower court may well rest:

*First.*   It will readily be seen that Margaret Wall and John Wall were, by the seventh clause of the will, precluded from ever obtaining any title to the premises, *except upon the happening of two events, to wit, that the death of William Wall before maturity* (an event which has already occurred) and the *remarriage of Jennie Wall before the death of the son,* an event which did not happen, and which, therefore, can never happen.   As the taking of the estate in remainder by Margaret and John Wall *absolutely depended* on the occurrence of *both* these events, and as they both have never taken place, and never can do so, it is needless to say they took nothing by the will.

*Second.*   But as William Wall died in infancy and as he had no brothers or sisters, his father being dead, his mother inherited his estate (R. S. 1889, sec. 4465; *Mourning v. Mo. Coal Co.,* 99 Mo. 320), which would have been, had he survived his mother, or had she remarried, he living, an estate in remainder, according to the express terms of the will.

Therefore, decree affirmed.   All concur.