# Cases

# FIFTH DEPARTMENT

AT

## GENERAL TERM,

### June, 1894.

---

OTTO KUDIK, Appellant, *v.* LEHIGH VALLEY RAILROAD COMPANY,
Respondent.

*Negligence — improper coupling and braking of cars — rules for the protection of employees — injuries sustained by reason of a defective trestle — proof necessary to a recovery.*

The necessary coupling and braking of cars upon a steam railroad are mere details of work which must be intrusted to the servants of the railroad company, and an error or omission in the performance thereof does not establish negligence on the part of the master.

The charge of negligence on the part of a railroad corporation, in that it did not make and promulgate proper rules for the protection of its employees, is avoided by proof of a rule and practice, actually in force, which render any other rule apparently unnecessary.

In an action brought to recover damages for personal injuries sustained by reason of the alleged negligence of a railroad corporation in the construction and repairing of its trestle, three things are required to be shown by the plaintiff in order to entitle him to recovery, namely, that the trestle was improperly constructed or out of repair, that the defect existing therein caused or contributed to the accident complained of, and that the defect was one which, in the exer-. cise of reasonable care on the part of the defendant, could have been remedied.

APPEAL by the plaintiff, Otto Kudik, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 18th day of April, 1893, upon the dismissal of the complaint directed by the court after a trial at the Erie Circuit, and also from an order entered in said clerk's office on the 15th day of June, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

*Philip Laing*, for the appellant.

*Martin Carey*, for the respondent.

DWIGHT, P. J.:

The action was to recover damages for a bodily injury sustained by the plaintiff while employed by the defendant as a laborer, in unloading cars of coal on its coal trestle, in the city of Buffalo. The injury was the crushing of the plaintiff's leg by the wheels of a car, which unexpectedly followed the movement of the car in front of it, which latter the plaintiff was assisting to set in motion by pushing behind.

The first and leading specification in the complaint of negligence on the part of the defendant, causing or contributing to the accident in question, is as follows : " That said defendant allowed one of the train of cars to stand alone upon said trestle, uncoupled and without being braked, and that on account of such neglect in not coupling said car to the other cars upon the said trestle said car came down upon said plaintiff and inflicted the injuries hereinbefore set forth."

It is very plain, we suppose, that this specification states no cause of action against the defendant, but would of itself have been bad on demurrer. The necessary coupling and braking of cars are so manifestly mere details of work which must be intrusted to servants that negligence of the master cannot be predicated upon error or omission in their performance. And this, we think, is substantially all there is of the case before us. It was, as alleged in the specification quoted, precisely because the second of the two cars mentioned was not held by a brake as it should have been that it followed the other and injured the plaintiff.

The narrative of the occurrence is as follows : The loaded cars were, as was customary, taken up the trestle in pairs beyond the the coal pockets, where they were to be discharged, and from the place where they stood one car at a time was moved down by its own weight to the particular pocket which was to receive its load. It was not customary to couple each pair of cars to the other pairs, and to have done so would not have been useful in holding them in their place on the trestle. That part of the trestle where the cars stood and where the pockets opened was slightly inclined, so as to facilitate the movement of the single cars down to the pockets, but

not so much inclined but that the cars might be held securely in place by their brakes while standing either at the pockets or above them. The evidence is undisputed that the two cars in question were pushed up the trestle together in the usual manner; that the brakes were set on the lowermost of the two and a brakeman or car handler was in his place on the other car for the purpose of setting the brakes on it. If he did not set them it was his error; if he did they were loosened by some person or means unknown; for it is conceded that the movement forward of that car would have been impossible if its brakes had been set when the other car was moved away from it. The two cars were uncoupled to enable the first one to be moved, and its brakes were loosened. It did not move at once, and the plaintiff was directed by his foreman to take hold at the hind end and push it. He did so, and the car started, but as it moved away from the car behind it the latter followed and caught the plaintiff's leg with the result complained of.

There are in the complaint two other specifications of negligence on the part of the defendant. They are to the effect: (1) That the defendant neglected to make and promulgate proper rules for braking and coupling its cars while on the trestle; (2) that the trestle itself was not properly and safely constructed and was out of repair. In regard to the first of these charges, it is to be said that no particular additional rule on the subject mentioned was shown to be either useful or practicable, while the evidence was undisputed that the rule which was in force and was perfectly understood by all concerned, viz., which required the brakes to be securely set upon all cars standing on the trestle, was entirely adequate to accomplish the purpose, so far as a rule could do so, and that if it had been observed in this case the accident could not have occurred. The plaintiff himself testified that if the brake had been set the car could not have moved. The charge of negligence for not making rules is avoided by the proof of a rule and practice actually in force which rendered any other rule apparently unnecessary. (*Morgan* v. *Hudson River Ore & Iron Co.*, 133 N. Y. 668; *Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 id. 584.) In respect to the third specification, viz., " of negligence in the construction and repair of the trestle," the allegation is undoubtedly sufficient; the failure is in the proof. In this respect three things were required to be shown: *First*, that the trestle was

improperly constructed or out of repair; *second*, that the defect so existing caused, or contributed to cause, the accident complained of; and, *third*, that the defect was one which, in the exercise of reasonable care on the part of the defendant, could have been remedied. We doubt if a case was made under either of these requirements which warranted a submission of the question to the jury. There was, it is true, some evidence that the grade of the track was not absolutely uniform, and the fact that the first of the two cars required something more than the ordinary effort to move it, may have been accounted for by the fact that the track upon which one or the other of its trucks stood was somewhat depressed, but there was no evidence that the defect extended to the track under the second car, or that there was anything in its condition which caused that car to move when it ought to have stood still. Indeed, the whole of this branch of the case is answered, as we think, by the fact that the trestle was purposely constructed with a slope to enable the loaded cars to be moved to the pockets without the application of power, and that it was well understood by all engaged in the work that the brakes alone were relied upon to hold the loaded cars at rest on the trestle as well as to control their motion and to stop them when moved to the pockets.

In this case the evidence is undisputed that the accident was rendered possible by loosened brakes on the second car. There is no complaint that the brakes were not in proper order, and it is the testimony of the plaintiff himself that if they had been set the car could not have moved. How they came to be loosened is not shown; but whatever the negligence involved, it was that of a fellow-servant and not of the defendant.

The case on the question of the defendant's negligence is so clear that we do not deem it necessary to consider the countercharge of contributory negligence of the plaintiff, and we find no other question which requires discussion.

The judgment and order appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.