### J. W. CAMPBELL v. TEXAS & PACIFIC RAILWAY COMPANY.

Delivered February 20, 1897.

**Fellow-Servants—Negligence—Rules of Railway.**

Plaintiff was injured while at work under a car on defendant's repair track, by the running in, without notice to him, of another car. Before the car was run in, in accordance with the custom then in force, a switchman was sent to warn him to get out, but failed to do so. Beyond the custom referred to, there were no rules governing the matter. *Held,* that the accident was due to the negligence of a fellow-servant, and not to the want of suitable rules.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Ball & Tempel,* for appellant.

*T. J. Freeman* and *Stanley, Spoonts & Thompson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—By this suit appellant sought to recover damages for injuries received by him on the 5th day of January, 1890, while properly engaged in repairing one of appellee's cars. He was at work under the car on the repair track, when a switch engine, without notice to him, was run in upon the repair track, causing a collision, and the consequent injuries.

On a former appeal a judgment in his favor was reversed, upon the ground that the accident was shown by the evidence to have resulted from the act of a fellow-servant. Upon the last trial he failed to obtain a verdict, and in this appeal assigns error principally to the court's action in giving and refusing charges.

The statement of facts, which was agreed to, contains a succinct statement of what the evidence proved, without setting out in detail the evidence itself, and is consequently accepted by us as our conclusions of fact.

The points of contention arise mainly upon the case made in the second and sixth paragraphs of the statement of facts, reading:

"2. It was further proven by the defendant that the foreman of the switch engine that ran in on the track and struck the car under which plaintiff was at work, before entering on said track, sent one of the switchmen down on the track to warn men working under the cars to get out, in order that the switch engine might come in with cars it was bringing in, but the proof did not show that said switchman ever gave plaintiff said warning."

"6. The defendant had no written or printed rules or regulations governing or prescribing the method of entering or putting cars on said repair track, and for the protection of car repairers while at work upon said track; but it was shown by the defendant, and not contradicted, that it was the regular custom in force at the time of the injury that before an entry was made by an engine or other cars on said repair track it was the duty of the switchmen or switch engineer who should be about to go in on the track to notify any and all car repairers who might be working about or under the cars that they were about to go in on the track, and to get out from under the cars and avoid the danger; and that, according to this, it was the duty of the switchman following the engine, or of the engineer in charge of the engine, to go down on the track and see whether there were men under the cars, and to give them notice to get out from under the cars, before the signaling of the engine to go in on the track; and one witness (White), the foreman of the car repairing department, testified that he had heard the yardmaster enjoin that duty on the switchmen a number of times; that this mode of warning the men under the cars that an engine was coming in on the track had been in force a number of years, and was in force at the time of the plaintiff's employment by the defendant, and continued in force for the five or six years that he was in said employ, and up to the time he was injured; and said plaintiff was fully aware of said custom at the time and before he was injured, and was also aware that that was the only manner provided

or in force to protect him while at work under the cars, and that after having said knowledge he remained in the service of the defendant up to the time he was injured."

In disposing of the issues raised on the former appeal, which are in substance the same as those now presented, in the unpublished opinion of Justice Head the following language was used: "We are also of opinion that the evidence is wholly insufficient to sustain the judgment of the court below, upon the ground that appellant was guilty of negligence in failing to establish proper rules. It seems to be conceded by all the witnesses that the custom in force for the conduct of this business required the employes engaged in handling the cars to notify those engaged in repairing, before setting cars in upon this track, and no one pretends that this custom, if observed, was not a sufficient regulation for the purpose. We attribute no importance to the fact that this was not contained in a written rule, if such was the case. It will be observed from what has hereinbefore been said that the injury to appellee was caused by the negligence of the employes engaged in switching the cars, in failing to give proper notice of their approach. That this was the act of fellow-servants of appellee's we think there can be but little question, under the decisions of the Supreme Court of this State. Railway v. Ryan, 82 Texas, 566; Dallas v. Railway, 61 Texas, 202. That it was the duty of appellant to use ordinary care in furnishing appellee a suitable track and other appliances upon and with which to do his work, there can be no question; but if his fellow-servants negligently encroached upon this track while he was at work, it must be regarded as their negligence, and not the negligence of the master."

Still adhering to these views, we conclude that the case made by the facts stated in the paragraphs quoted above admitted of but one reasonable interpretation, and that is that the injury in question was due to the negligence of a fellow-servant as the proximate cause thereof, and not to the want of suitable rules and regulations, of the status of which, however, appellant had full knowledge.

As no other verdict could properly have been rendered, the errors assigned become immaterial, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.