GRIFFIN WHEEL COMPANY v. WILLIAM H. STANTON.

**No. 13,935.** ( 79 Pac. 651.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES— *Omission of Code of Rules—Erroneous Instruction.* Where, in an action to recover damages for personal injuries sustained by an employee, there is no evidence tending to show that the proximate cause of the injury was the omission on the part of the employer to adopt and promulgate a code of rules governing its employees in their conduct toward one another, or that the adoption of such rules would probably have prevented the injury, it is error to instruct the jury that it was the duty of the company to adopt and promulgate such rules.

Error from Wyandotte district court; E. L. FISCHER, judge. Opinion filed February 11, 1905. Reversed.

*Harkless, Crysler & Histed,* and *A. L. Berger,* for plaintiff in error.

*T. A. Pollock,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: The plaintiff in this action was a molder's helper working for the defendant in its foundry. While in service and in the line of his duty

Griffin v. Stanton.

molten iron was cast into one of his eyes causing its entire loss, for which he recovered judgment. The defendant seeks by this proceeding to have such judgment reversed.

It appears that when a mold is prepared the molten iron is delivered from a bull ladle into a smaller one, which is suspended from what is called a traveler. The ladle is then pushed on this traveler by the molder and his helper to the mold by means of iron bars inserted into eyes cast on either side of the ladle. The ladle stopper is so constructed that it runs down from the top and fits into a hole in the bottom of the ladle. It is raised by inserting an iron bar into an eye in the stopper and bearing down on the bar. The receptacle into which the metal is permitted to run is funnel-shaped, and the hole in the bottom of the ladle should be placed directly over the funnel before the stopper is raised. It is the duty of the molder, when the ladle is in position, to insert a bar into the eye of the stopper and bear down upon it, in order to raise the stopper out of the hole. It is the duty of the helper at such a time to remain in his place on the opposite side of the ladle, and by means of his bar to steady the ladle while the molder raises the stopper. On the occasion of the plaintiff's injury the stopper appears to have stuck, and the molder threw his weight upon the lever, which it is claimed caused the ladle to swing from over the center, or mouth, of the funnel toward the plaintiff, and by reason of the suddenness with which the stopper was raised while the ladle was out of position the metal escaped rapidly, and falling on some portion of the receptacle beneath splashed into one of plaintiff's eyes.

Complaint is made of errors in the instructions.

The only instruction we deem it necessary to examine and pass upon at this time is the following:

"It was the duty of defendant to make and enforce such reasonable rules and regulations for the guidance and control of its workmen in the performance of their work and the operation of defendant's machinery as were necessary for the reasonable safety of its workmen, and was also defendant's duty to exercise ordinary care and prudence in the inspection of its premises and appliances to discover defects or dangers which might cause injury to its employees; and if defendant failed in the performance of such duties, or any of them, it was guilty of negligence."

That portion of this instruction which informs the jury that it was the duty of the defendant to make and enforce such reasonable rules and regulations for the guidance and control of its workmen in the performance of their work and the operation of the defendant's machinery as were necessary for the reasonable safety of its workmen, while sufficiently alleged in the petition to permit the introduction of evidence, does not appear to have any foundation in the evidence. There was no evidence tending to prove that the omission to promulgate and enforce such rules contributed to plaintiff's injury either proximately or remotely. It was not suggested by the testimony that any rule, or set of rules, which could have been adopted for the guidance of its employees would have had a tendency to prevent the injury sustained by plaintiff.

Among the many duties imposed on the master engaged in conducting a complex business in which numerous persons are employed is that of adopting and promulgating reasonable rules for the guidance of such employees in the discharge of their duties to protect them from the negligence of one another. The

failure, however, to perform this duty will not be available in an action for damages by an employee who sustains injury in the line of his duty unless it be shown that the neglect to perform such duty was the proximate cause of his injury. (*Rutledge v. The Mo. Pacific Rly. Co.*, 123 Mo. 121, 24 S. W. 1053, 27 S. W. 327; *A. T. & S. F. Rld. Co. v. Carruthers*, 56 Kan. 309, 43 Pac. 230.) It is also the duty of a master to provide safe tools and appliances for the use of his employees, but if the tools or appliances be defective it would not be a ground of negligence for which a recovery could be had by an employee who sustained injury in the line of his services, unless the defective tool or appliance was the proximate cause of the injury. The instructions should be confined to the material question arising from the evidence.

Another instruction given subsequently informed the jury that unless the omission to adopt and promulgate such reasonable rules was the proximate cause of plaintiff's injury he could not recover. This instruction is a correct statement of the law, but, like the one of which complaint is made, it had no application.

We cannot say that this instruction was not prejudicial. The judgment is therefore reversed, and the cause remanded for further proceedings.

All the Justices concurring.